**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| GOVERNMENT OF GUAM, MICHAEL J. B. BORJA, in his capacity as Director of Land Management, | **Superior Court Case No. CV1198-18** |
| Plaintiff, | **DECISION AND ORDER DENYING MOTION TO PRODUCE WITNESS TO TESTIFY PURSUANT TO RULE 30(B)(6)** |
| AND | |
| GUAM WATERWORKS AUTHORITY, a Guam Public Corporation, | |
| Plaintiff-Intervenor, | |
| vs. | |
| CORE TECH INTERNATIONAL CORPORATION, YOUNEX ENTERPRISES CORPORATION, | |
| Defendants. | |

The Court here considers Plaintiff-Intervenor Guam Waterworks Authority's ("GWA")

Motion to compel Defendant Core Tech International Corporation ("CTI") to produce a

corporate representative with knowledge of certain subjects listed by GWA. Having reviewed

the parties' arguments, applicable law and procedural rules, the Court hereby DENIES the

Motion but gives GWA leave of court to serve a second Guam Rule of Civil Procedure

("GRCP") 30(b)(6) deposition notice.

## I.     Factual Background

On October 23, 2020, GWA served CTI a Notice of Deposition, pursuant to GRCP

30(b)(6) ("Notice" or "Rule 30(b)(6) Notice"). The Notice required CTI to designate "corporate

representative(s)" to testify on nine listed topics ("Topics"). Three of the Topics are relevant for

the present Motion:

> (7) Knowledge of each and every document relating to or evidencing Core Tech
> International's corporate authorization for management to purchase and sell real property
> during the years 2012 through 2015.
>
> (8) Knowledge of each fact supporting Core Tech International's current Counterclaim
> against the Guam Waterworks Authority.
>
> (9) Knowledge of each fact supporting Core Tech International's Second Amended
> Answer in the instance.

CTI offered its owner and chairman, Ho Eun, as its Rule 30(b)(6) designee;  GWA then

deposed him on October 28, 2020.  Decl. Vanessa Williams ¶ 16, Ex. 12 at 12.  Prior to the

deposition, Eun had a chance to look at the Notice, but "didn't really read through" the nine

topics. *Id.* at 8-9.

At the deposition, GWA asked Eun various questions on six issues that it claims Eun was

not prepared to provide complete, knowledgeable and binding answers on behalf of CTI.  GWA

points the Court to the following exchanges:

**(1) Whether CTI reviewed the chain of title search prior to consummation of the
property.**

> Q. So, before the consummation of the transaction for that ... assignment. Did
> anyone review the chain of title on that land from CTI?
>
> A. Probably Ed Ching did it.
>
> Q. Did you ask him to do that?
>
> A. I think so, logically.
>
> Q. Okay. So, Mr. Ching did the title report. Did he give you a report about it?
>
> A. I don't remember --
>
> Q. What he found?
>
> A. I don't remember....

Q. Do you know if anyone else at Core Tech would have made a title search or looked at the chain of title on the property?

A. Probably not. Ed would be the right person.

Decl. Vanessa Williams Ex. 12 at 21.

**(2) Whether CTI is familiar with a Quitclaim Deed conveying land from the United States to the Government of Guam executed on July 16, 2002.**

Q. So, I'm going to show you Exhibit 1.... Have you seen that document before?

A. Probably not. Not familiar with this one, this document.

Q. Do you know whether anyone at Core Tech would be familiar with this document?

A. It should be Ed Ching.

Q. But you're sure you're not familiar with it?

A. No.

*Id.* at 22.

**(3) Whether CTI is familiar with a Quitclaim Deed conveying land from the Guam Ancestral Lands Commission to the Estate of Torres executed on October 17, 2006.**

Q. Okay. Thank you. Exhibit 3. Take a look at that and see if you recognize it ....

A. Uh-huh. (pauses; reviews document) All right. First time.

Q. First time you've seen the document?

A. Uh-huh.

Q. Okay. If anyone in your office would have looked at this document, it should've been who?

A. It should be Ed Ching....Because he's familiar with the property and the lot ... Because he's our corporate counsel.

*Id.* at 23-24.

**(4) Whether CTI is familiar with a First Mortgage from Younex Enterprises Corporation to Military Mutual Aid Association executed on February 3, 2010.**

Q. Now, we'll look at Number 8. This is Exhibit Number 8... have you seen that document?

A. Probably. Probably.

Q. And when was the first time you saw that copy?

A. It could've been around December, but I don't really getting into those detail examination of the document. That's not my job.

Q. And you would've left it to, whom?

A. It could've been Juno [Eun] or Ed Ching. Logically.

*Id.* at 31-32.

**(5) The identity of the individual that drafted a Quitclaim Deed conveying property from Younex to HL Corporation.**

Q. Okay. So, if we go down to -- let me look at the third page. Yeah, the third page of Exhibit 10. At the bottom of the page it says, GWA 0234. Are you looking at that?

A. Yes, yes.

Q. And I notice on the Grantee, the HL Corporation that ... Ed Ching is the authorized representative?

A. Yes.

Q. So, at that time, he's working for whom?

A. He was working for Core Tech....

Q. I see. But he was representing HL on this document?

A. Right, right. Right.

Q. Do you know who drafted this document?

A. I don't know. It could've been done by Mr. Yoon or Mr. Ching. That, I don't know.

*Id.* at 37.

**(6) The facts supporting CTI's denial in its Answer that the 2002 grant deed reserved all the easements, sewer mines, and public utilities.**

Q. And the 2002 Grant Deed specifically reserved all the easement, sewer mains, and public utilities among others. And you deny that? What facts did you rely on to deny that?

A. If our attorneys deny that, and I do believe they have a legal ground which I have not examined, but I do believe they had a good reason and they represent the company's position.

Q. This would be your in-house attorney?

A. I believe that was done by Vanessa[Williams], our attorney. And then I don't know whether Vanessa had communication with Ed [Ching] on this matter.

Q. So, you can't tell me whether or not -- you know of any --

A. I don't know.... I was not deeply involved on this matter.

*Id.* at 81.

GWA argues that Topics 7, 8, and 9 put CTI on notice that these six issues would be examined at the deposition and Eun did not provide adequate testimony, as required by Rule 30(b)(6). GWA seeks an order compelling CTI to provide additional corporate deposition testimony on these six issues.

In response, CTI argues that the six issues are outside the scope of the GWA's Rule 30(b)(6) Notice. Specifically, CTI argues that GWA's Notice did not describe these issues with "reasonable particularity." CTI also argues that Eun's responses to GWA's questions were sufficient. In the alternative, CTI asks the Court to limit GWA's discovery requests, pursuant to GRCP 26(b)(2).

## II.     Law and Discussion

Rule 30(b)(6) allows a party to depose a corporation through designated representatives of that corporation. *See Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527

(D. Kan. 2006) ("In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation."). Specifically, Rule 30(b)(6) provides:

> A party may in the party's notice and in the subpoena name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on their behalf, and may set forth, for each person designated, the matters on which that person will testify .... The persons so designated shall testify as to matters known or reasonably available to the organization ....

GRCP 30(b)(6).

Because Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party, the rule itself expressly requires that the party requesting the deposition "must describe with reasonable particularity the matters for examination." *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 395 (D. Or. 2017). "To allow the rule to effectively function," the notice must be made with "painstaking specificity." *Sprint*, 236 F.R.D. at 528. Only when the requesting party has "reasonably particularized" the subjects about which it wishes to inquire can the responding party produce a deponent who has been suitably prepared to respond to questioning within the scope of inquiry. *Lipari v. U.S. Bancorp, N.A*, No. CIVA 07-2146-CM-DJW, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008); *See also Sprint*, 236 F.R.D. at 528.

Such description of the deposition topics triggers several duties on the part of the responding entity. The United States District Court for the District of Columbia explains the duties as follows:

> First, the responding entity must designate a deponent who is knowledgeable on the subject matter identified as the area of inquiry.... Second, the responding entity must designate more than one deponent if multiple deponents are necessary to respond to all of the relevant areas of inquiry.... Third, the responding entity must prepare the deponent so that he or she can testify on

matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity.... Fourth, if it becomes apparent during the deposition that the designated deponent is unable to respond to the relevant areas of inquiry, then the responding entity has the duty to substitute the designated deponent with a knowledgeable deponent.

*U.S. ex rel Fago v. M & T Mort. Corp.*, 235 F.R.D. 11, 22–23 (D.D.C. 2006) (citations omitted).

CTI first argues that the six issues are outside the scope of Topics 7, 8, and 9. Upon review, Topics 8 and 9 offered no specificity or particularized issue. Rather, they generally sought information as to CTI's counterclaim and answer. Because Topics 8 and 9 lacked the specificity required under Rule 30(b)(6),[1] the Court DENIES GWA's request to take further depositions under Rule 30(b)(6) for Topics 8 and 9.

Moreover, while Topic 7 presents more specific areas of inquiry--namely, documents relating to or evidencing CTA's corporation authorization for management to purchase and sell real property between 2012 and 2015--the issues that GWA claims Eun did not provide sufficient answers for do not fall under the specified parameters. Instead, GWA seeks answers to questions regarding non-CTI documents prior to CTI's purchase. As these issues fall outside the scope of Topic 7, GWA has not shown that CTI failed to produce a witness with knowledge of the answers to its questions. The Court therefore also DENIES GWA's request to take further depositions under Rule 30(b)(6) for Topic 7.

---

[1] *See Sheehy v. Ridge Tool Co.*, No. 3:05CV01614 CFDTPS, 2007 WL 1548976, at *3 (D. Conn. May 24, 2007) (finding Rule 30(b)(6) notice requesting a corporate representative who is "most knowledgeable as to the subject Complaint" did not describe the issues to be addressed with the required "reasonable particularity"); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) finding that a notice indicating that the areas of inquiry will "includ[e], but not [be] limited to" the areas specifically enumerated overly broad); *Alexander v. F.B.I.*, 188 F.R.D. 111, 121 (D.D.C. 1998) (finding a deposition request seeking to have a deponent testify regarding "any other matters relevant to this case, or which may lead to the discovery of relevant evidence..." overly broad); *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (finding a Rule 30(b)(6) deposition notice requesting that Xerox produce a corporate witness to testify about facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims overbroad).

The Court next turns to whether GWA can obtain further testimony on the issues the Court has determined not to be covered by the Notice. Under Rule 30(a)(2), leave must be sought before an individual is deposed a second time. However, the Guam Supreme Court has not spoken on whether leave of court is required for multiple Rule 30(b)(6) depositions. Furthermore, among federal cases there is a difference in opinion as to whether a deposition of a corporate entity can occur multiple times without prior approval from a court. *Compare Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) ("There is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition.") *and In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105, at *5 (N.D. Ill. Aug. 19, 2005) (prior judicial approval is required for multiple depositions, whether they be of corporations or individuals).

Upon review of the transcript of the subject deposition, even though the language of the notice was overbroad for Topics 8 and 9 and the disputed issues fall outside the specified parameters of Topic 7, certain factors mitigate towards granting GWA leave to take a second Rule 30(b)(6) deposition. First, CTI failed to object at the deposition to the scope of the questions that it now argues fell outside the scope of the Topics. *See King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) (if the examining party asks questions outside the scope of the 30(b)(6) notice, the general deposition rules govern). Second, to the extent CTI contends that the issues were not described with the required "reasonable particularity," it was CTI's burden to seek a protective order pursuant to GRCP 26(c). *See New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) ("Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order."). Finally, based on the deposition excerpts, while it

is clear that Eun lacked the requisite knowledge to answer GWA's questions, it appears that he was aware that someone at CTI could.

Based on these factors and to the extent leave is necessary for GWA to notice another Rule 30(b)(6) deposition, the Court GRANTS GWA such leave. CTI has a duty to designate and prepare a deponent that is knowledgeable on the subject matter identified in GWA's Rule 30(b)(d) Notice. *See U.S. ex rel Fago*, 235 F.R.D. at 24. CTI's objections as to the scope of another deposition notice for a corporate representative are not deemed to be waived by this decision.

The Court lastly addresses CTI's request that the Court limit GWA's discovery requests, pursuant to GRCP 26(b)(2). CTI argues that any additional Rule 30(b)(6) testimony would be unreasonably cumulative or duplicative because GWA already deposed Ching. CTI further contends that GWA had ample opportunity to obtain additional information regarding the documents referenced in the period following Ching's deposition. These arguments miss the purpose of Rule 30(b)(6). Rule 30(b)(6) testimony is a sworn corporate admission that is binding on the corporation. In contrast, GWA deposed Ching in his individual capacity, not as a corporate deponent, and, therefore, his testimony would not be considered an admission of CTI. *See U.S. ex rel Fago,* 235 F.R.D. at 24. Accordingly, at this stage, the Court does not find that CTI has satisfied the requirements for a protective order under Rule 26(b)(2).

**III.    Conclusion and Order**

The Court DENIES CTI's Motion to compel CTI to produce a witness in response to its Rule 30(b)(6) deposition notice. However, the Court grants GWA leave to serve a separate Rule 30(b)(6) notice.

SO ORDERED this 16th day of July 2021.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to;

Date:_____Time:_____

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
James L. Canto, II, Esq., Assistant Attorney General, Office of the Attorney General, for the
       Government of Guam and the Director of Land Management
Kelly Clark, Esq., Guam Waterworks Authority, and Vincent Leon Guerrero, Esq., Law Office of
       Vincent Leon Guerrero, for Guam Waterworks Authority
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, for Core Tech International
       Corporation